**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN ALEXANDER, | Civil Action No. 20-14809 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY | |
| Defendant. | |

**CECCHI, District Judge:**

This matter comes before the Court on the purported civil rights complaint brought pursuant to 42 U.S.C. § 1983 by Petitioner Kevin Alexander ("Petitioner") (ECF No. 1), and Petitioner's application to proceed *in forma pauperis*. ECF No. 1-1. Because Petitioner's application shows that he is entitled to proceed *in forma pauperis*, that application shall be granted.

Because Petitioner will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Petitioner]." *Phillips v. Cty. of Allegheny*, 515 F.3d

224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Petitioner's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In his purported civil rights complaint, Petitioner both requests to have his pending state law criminal charges "removed" to federal court and to challenge various aspects of his criminal proceedings including the way in which his plea agreement is being carried out, his being denied

2

release on bail, and alleged speedy trial act violations.  In all of his claims, Petitioner thus is challenging his state criminal prosecution and/or the validity of his current period of detention.  To the extent Petitioner seeks to use this civil rights action to challenge his denial of bail or his ongoing criminal proceedings, however, this Court has no jurisdiction to grant him the relief he seeks, i.e., release via this civil rights matter,[1] *see, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973), and in any event is precluded by binding Supreme Court authority from interfering with ongoing state court criminal proceedings, *see Younger v. Harris*, 401 U.S. 37 (1971).

Under the doctrine set forth in the Supreme Court's decision in *Younger*, this Court must abstain from hearing any civil claim which would require the Court to interfere in ongoing state criminal prosecutions. *See, e.g.*, *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (*Younger* abstention doctrine requires that federal courts abstain from hearing federal civil cases which "threaten[] to interfere with . . . state criminal prosecutions").  Thus, in any case where there are ongoing state judicial proceedings, those proceedings implicate important state interests, including the state's interest in holding accused defendants to account for their alleged criminal deeds, and the state proceedings provide an adequate opportunity to raise federal claims, *Younger* prevents this Court from hearing claims which would require interference into those proceedings. *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010).  As it is clear that Petitioner can raise his bail challenge, his challenge to the manner in which his plea agreement is being carried out,

---

[1] Even had Petitioner filed this matter as a habeas petition rather than a civil rights complaint, this Court would still be required to refrain from hearing his claims as Petitioner has neither exhausted his claims in state court nor shown extraordinary circumstances sufficient to warrant pre-sentencing habeas intervention. *See Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010); *see also Moore v. DeYoung*, 515 F.2d 437, 442 n.5, 443–46.  This Court thus can neither grant Petitioner habeas relief nor grant Petitioner release or the "removal" of his state criminal proceedings at this time.  Petitioner may, however, file a habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction or sentence after he exhausts his claims by presenting them to all three levels of the New Jersey state courts.

and his speedy trial claims in the state courts, and because Petitioner seeks to have this Court interfere in his ongoing criminal proceedings, either by granting him relief from those proceedings or "removing" his proceedings to this Court, this Court must abstain from hearing Petitioner's claims under the *Younger* abstention doctrine, and this matter must be dismissed without prejudice. *Id.*

In conclusion, Petitioner's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**, and Petitioner's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

DATED:  January 8, 2021

_____
Claire C. Cecchi, U.S.D.J.